USCA1 Opinion

 

[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]United States Court of AppealsFor the First Circuit No. 98-1735 JANE B. ROBERTS, Plaintiff, Appellant, v. KEVIN E. ROBERTS, ET AL., Defendants, Appellees. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] Before Stahl, Circuit Judge,Campbell, Senior Circuit Judge,and Lynch, Circuit Judge. Elaine Whitfield Sharp, Daniel S. Sharp and Whitfield, Sharp & Sharp on brief for appellant.February 9, 1999   Per Curiam. Upon de novo review of the record, and consideration of appellant's brief, we conclude that the summary judgments for defendants Duffy, Gilleo, and Henderson should not be set aside. We reach this conclusion essentially for the reasons given in the magistrate judge's Report and Recommendation dated February 27, 1998, and in the district court's Memorandum and Order dated May 12, 1998. We add only one comment.  Any procedural irregularity in entering judgment for defendant Gilleo was harmless, because, in connection with the Dorsey defendants' motion for summary judgment, appellant had ample opportunity and motivation to litigate the question of defendant Gilleo's role. See Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996); Jardines Bacata, Ltd. v. Diaz-Martinez, 878 F.2d 1555, 1561 (1st Cir. 1989). The findings and conclusions on that subject in the magistrate judge's Report and Recommendation effectively disposed of the claims against defendant Gilleo. Appellant failed to object to any aspect of that Report and Recommendation, and judgment was entered accordingly. See United States v. Wihbey, 75 F.3d 761, 766 n.1 (1st Cir. 1996). Even were we inclined to consider appellant's belated and forfeited arguments now, in any event, those arguments do not persuade us that any viable claims remained.   -2- As appellant has appealed from the judgments for defendants Duffy, Gilleo, and Henderson only, the motion of the Dorsey defendants is denied as moot. Affirmed. See 1st Cir. Loc. R. 27.1.